# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN HASKINS, | ) |
| Petitioner, | ) |
| v. | ) Case No. 06-1104 |
| ROGERN ZIMMERMAN, Warden, | ) |
| Respondent. | ) |

## O R D E R

Now before the Court is Petitioner, Steven Haskins' ("Haskins"), Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the Petition [#2] is DISMISSED.

### FACTUAL BACKGROUND

Following a jury trial in the Circuit Court of McDonough County, Illinois, Haskins was found guilty of burglary. He was sentenced to 20 years' imprisonment and assessed $11,320.00 in restitution. On appeal, he challenged only the circuit court's authority to order the Department of Corrections to withhold a portion of his wages toward payment of the restitution. The Illinois Appellate Court affirmed his sentence and conviction on March 24, 2006. Haskins did not file a Petition for Leave to Appeal to the Illinois Supreme Court and has not pursued any post-conviction relief.

Haskins then filed the present Petition for Writ of Habeas Corpus pursuant to § 2254, in which he argues that the circuit court abused its discretion by sentencing him to

an enhanced sentence because his sentence violated the legislative intent of the statute, namely 730 ILCS 5/5-5-3.2(B)(1). The State filed its response, and this Order follows.

## **LEGAL STANDARD**

Before reaching the merits of a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254, a district court must consider "whether the petitioner exhausted all available state remedies and whether the petitioner raised all his federal claims during the course of the state proceedings." Farrell v. Lane, 939 F.2d 409, 410 (7th Cir. 1991), *quoting* Henderson v. Thieret, 859 F.2d 492, 496 (7th Cir. 1988). If the answer to either of these questions is "no," then the failure to exhaust state remedies or procedural default bars the petition. Id. In other words, if a petitioner fails to give the state courts a full and fair opportunity to review his claims, then his petition must fail. Bocian v. Godinez, 101 F.3d 465, 468-69 (7th Cir. 1996).

Exhaustion of a federal claim occurs when it has been presented to the highest state court for a ruling on the merits or when it could not be brought in state court because a remedy no longer exists when the federal petition is filed. Id. In the present case, Respondent argues that Petitioner has failed to exhaust his state remedies.

Procedural default occurs when a claim could have been but was not presented to the state court and cannot, at the time the federal petition is filed, be presented to the state court. Resnover v. Pearson, 965 F.2d 1453, 1458 (7th Cir. 1992). This occurs in one of two ways. First, a procedural default may occur when a petitioner fails to pursue each appeal required by state law, Jenkins v. Gramley, 8 F.3d 505, 507-08 (7th Cir. 1993), or when he did not assert the claim raised in the federal habeas petition in the state court system. Resnover, 965 F.2d at 1458-59. The second way in which a petitioner may procedurally

default a claim is when a state court disposes of the case on an independent and adequate state law ground, regardless of whether that ground is substantive or procedural. Coleman v. Thompson, 501 U.S. 722, 111 S.Ct. 2546, 2553-55 (1991).

Federal review is barred for claims that are procedurally defaulted unless the petitioner can demonstrate cause and prejudice. Engle v. Isaac, 456 U.S. 107, 102 S.Ct. 1558, 1572-73 (1982); Farrell, 939 F.2d at 411. Review in federal court is also possible if a fundamental miscarriage of justice would otherwise occur in that a constitutional error probably resulted in the conviction of someone who is actually innocent. Schlup v. Delo, 513 U.S. 298, 115 S.Ct. 851, 864-67 (1995).

With respect to claims that are not barred either for failure to exhaust or procedural default, federal courts must employ a strict analysis. A petition must be denied with respect to any claim previously adjudicated on the merits in a state court unless the decision of the state court:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). *See also* Lindh v. Murphy, 96 F.3d 856, 868-71 (7th Cir. 1996), *rev'd on other grounds*, 521 U.S. 320, 117 S.Ct. 2059 (1997).

Subsection (d)(1) instructs that Supreme Court precedent governs legal questions. Id. at 869. In resolving mixed questions of law and fact, relief is unavailable unless "the state's decision reflects an unreasonable application of the law," meaning federal courts are to have a hands-off attitude unless the state court judgment is premised on an

unreasonable error. Id. at 870 (internal quotation marks omitted). A responsible, thoughtful decision that is made after a full opportunity to litigate suffices, "even if it is wrong." Id. at 871, 876-77. Subsection (d)(2) pertains to a decision constituting an unreasonable determination of the facts, and, according to 28 U.S.C. § 2254(e)(1), factual issues are presumed to be correctly resolved. A petitioner must rebut this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

**DISCUSSION**

Under § 2254, a petition for habeas corpus relief cannot be considered unless: (1) the applicant has exhausted the remedies available in the courts of the State, or (2) there is an absence of available States corrective proceedings. 28 U.S.C. § 2254(b)(1). Thus, a federal habeas corpus petition "should be dismissed if the prisoner has not exhausted available state court remedies as to any of his federal claims." Perruquet v. Briley, 390 F.3d 505, 514 (7th Cir. 2004); Coleman v. Thompson, 501 U.S. 722, 731 (1991). This practice supports comity between the federal and state courts by ensuring that state courts have the first opportunity to address and correct potential violations of a petitioner's federal rights. Perruquet, 390 F.3d at 513; O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999).

Here, Haskins has not exhausted available state remedies. Under the Illinois Post-Conviction Hearing Act, a defendant can file a post-conviction petition within six months from the conclusion of his direct appeal. 725 ILCS 5/122-1(c). If, as here, no petition for leave to appeal is sought from the Illinois Supreme Court, the direct appeal proceedings are deemed to have concluded on the expiration of the time period during which the petition for leave to appeal could have been filed. In other words, Haskins' direct appeal became final on April 14, 2006, which is 21 days after the Illinois Appellate Court affirmed his

conviction and sentence. Accordingly, Haskins still has the opportunity to present his claim in a post-conviction petition at any time prior to October 14, 2006, and his Petition must be dismissed for failure to exhaust.

## CONCLUSION

For the reasons set forth herein, Haskins' Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [#2] is DISMISSED for failure to exhaust. This matter is now terminated.

ENTERED this 31st day of August, 2006.

> s/ Michael M. Mihm
> Michael M. Mihm
> United States District Judge